UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JAMES MARTZALL,**

  *Plaintiff*,

v.                                        Case No.  SA-25-CV-00055-JKP

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS INDENTURE
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE ACCREDITED
MORTGAGE LOAN TRUST 2006-2
ASSET BACKED NOTES,**

  *Defendant*.

## O R D E R

    Before the Court is the status of this matter.

    Plaintiff James Martzall has an extensive litigation history involving the same factual dispute, factual foundation, and Defendant as those in this case. Listed below are a few of his cases, all of which were removed from state court following Martzall's abusive use of the state-court Temporary Restraining Order (TRO) process to halt the foreclosure sale of his property: 16543 Inwood Cove, San Antonio, TX.

    In 22-CV-18-XR, Deutsche Bank and Select Portfolio removed the case to federal court after Martzall obtained an ex parte TRO in state court to stop the foreclosure sale of this property. Martzall filed a Motion to Remand, which Judge Rodriguez denied. Martzall then sought a preliminary injunction, which Judge Rodriguez also denied. While the case was still ongoing, Martzall went back to state court and obtained another TRO. That case was then removed as

well, in 22-CV-608-XR. Judge Rodriguez consolidated the two cases and dismissed them with prejudice.

Following this dismissal, Martzall obtained another ex parte TRO in state court. Select Portfolio removed the case, and it was assigned to Judge Garcia: 23-CV-10-OLG. Select Portfolio then moved for summary judgment and for a pre-suit injunction. Judge Garcia adopted Magistrate Judge Bemporad's recommendations in full, and thereby granted summary judgment and placed a pre-suit injunction against Martzall. Specifically, the pre-suit injunction states:

> [B]efore filing any case in this Court involving the property located at 16543 Inwood Cove, San Antonio, Texas, or the mortgage thereon, **or** within 30 days of the removal of any such case brought by James Martzall from state court to federal court, Martzall must obtain leave of the Court before the action may continue. To obtain such leave, Martzall must verify in a "Motion for Leave to Continue Action" that his claims have never been raised or disposed of on the merits by any court. Martzall must attach to the motion a copy of this Dismissal Order, the Magistrate Judge's report and recommendation (docket no. 12), and the Dismissal Order (docket no. 39) entered in cause no. 5:22-CV-18-XR. The Clerk of the Court is directed not to docket any of Martzall's other filings until leave to proceed has been granted. Until such leave is granted, any other motions or documents that Martzall serves on the defendant(s) shall be nullities. Martzall's failure to strictly comply with these requirements shall result in dismissal of his case.

Subsequently, in 24-CV-42, Martzall again obtained an ex parte TRO in state court. Deutsche Bank removed the case and it was assigned to Judge Garcia: 24-CV-42-OLG. Judge Garcia ordered Martzall to show cause why the case should not be dismissed sua sponte based on res judicata. Martzall did not respond, and Judge Garcia dismissed the case with prejudice.

Now, Martzall filed this case, 25-CV-55-JKP. Once again, Martzall obtained an ex parte TRO in state court. Once again, the case seeks to stop the foreclosure and sale of the Inwood Cove property. Deutsche Bank removed the case o**n January 14, 2025**. Thus, more than 30 days passed, and Martzall has not complied with Judge Garcia's pre-suit injunction order. Accordingly, the case must be dismissed.

2

The Clerk of Court is DIRECTED to terminate and DISMISS this case with prejudice and shall enter a Clerk's Judgment.

It is so ORDERED.
SIGNED this 25th day of February, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE